Filed 11/18/21  P. v. Molina-Lopez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br>v.<br><br>JESUS MOLINA-LOPEZ,<br>　　　Defendant and Appellant. | A161682<br><br>(Sonoma County Super.<br>　Ct. No. SCR-729614-1) |

At a December 2020 victim restitution hearing, the trial court ordered defendant Jesus Molina-Lopez, convicted of stalking, to pay $22,176 in restitution to the California Victim Compensation Board (Board), the amount the Board paid to the victim of Molina-Lopez's crime for a year of lost wages she suffered as a direct result of his criminal conduct.  Molina-Lopez's appellant counsel filed a brief requesting that we independently review the court's restitution order under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

We concluded there were no arguable issues other than what we stated in a supplemental briefing order, in which we asked if the trial court abused its discretion by finding the prosecution met its prima facie burden of establishing Molina-Lopez should pay $22,176 to the Board and by denying Molina-Lopez's counsel's request for a continuance of the hearing.  Upon review of the parties' supplemental briefing, we conclude the court abused its discretion by not allowing Molina-Lopez's counsel a continuance, vacate the

1

court's order and remand the matter to the trial court to grant a reasonable continuance to Molina-Lopez and hold further restitution proceedings. In light of our conclusion, we do not address whether the trial court abused its discretion in finding the prosecution met its prima facie burden.

### BACKGROUND

In July 2019, the Sonoma County District Attorney filed a felony complaint alleging Molina-Lopez unlawfully threatened his female neighbor (Pen. Code, § 422, subd. (a)), resisted arrest (*id.,* § 148, subd. (a)(1)) and committed a miscellaneous offense of stalking (*id.,* § 646.9, subd. (a)). The court subsequently accepted Molina-Lopez's plea of no contest to stalking (*id.,* § 646.9, subd. (a)) and dismissed the other charges. The court found him guilty of stalking, sentenced him to 36 months of formal probation and 90 days in jail and imposed various fines and fees.

In December 2020, the court conducted a victim restitution hearing. The prosecution presented Exhibit 1, which contains documents that indicate the Board paid the victim $22,176 for one year of wages lost as a result of Molina-Lopez's criminal conduct, and the prosecution sought a court order that Molina-Lopez pay that amount to the Board. The documents in Exhibit 1 include a certification by a Board custodian of records that the attached documents "are accurate reproductions of bills that were submitted to and paid by the Board in the amounts indicated, by or on behalf" of the victim. The custodian further stated that the bills were for "income loss" and the amount paid was $22,176.00. The custodian also stated that the documents received from the victim were redacted to protect her privacy and safety.

Exhibit 1 also includes two Board payment statements, one dated May 13, 2020, and showing a payment of $18,480 for the time period from

2

"07/21/2019-05/20/2020" and the other dated May 18, 2020, and showing a payment of $3,696 for the time period from "05/21/2020-07/20/2020." Both statements indicate the victim was compensated for income loss at a rate of $2,400 a month, with income tax withheld at a rate of 23 percent.

These statements were accompanied by two pages of redacted documents that appear to contain employee wage information for the victim. Of the redacted pages, the first bears the victim's name, a "start date" of "7/10/2019" and is stamped with a "received" date of "Dec 12 2019." Three blocks of information have been entirely redacted, along with most of what is apparently fax information at the top and bottom of the page. The second redacted page includes a reference to "wage information," refers to a "Rate(s) of Pay" of $16 an hour and a "Overtime Rate(s) of Pay" of $24 an hour, four blocks of redacted information (besides what appears to be the mostly redacted fax information at the top and bottom of the page) and nothing else of substance. Each of the pages has unredacted on the top of the page the apparent fax date of "Dec/12/2019 4:06:30 PM."

Molina-Lopez's counsel objected that Exhibit 1 should not be admitted for lack of foundation, which objection the court denied. It admitted the exhibit and found that the prosecution had sustained its initial prima facie burden of proof for the amount it requested Molina-Lopez pay to the Board, $22,176.

Molina-Lopez's counsel argued that the victim's testimony about the supporting documentation was necessary to establish prima facie evidence of losses, and that the "singular" stalking event could not have "result[ed] in $22,176 in income loss. It's an outrageous sum and one looks in vain for any sort of supporting documentation in the records we've received, and I don't think the mere fact that the Victim Compensation Board extended these

monies to the victim is sufficient." He also argued that the redacted documents left him with no "opportunity to, for example, show the impossibility of these restitution figures." He asked the court what Molina-Lopez could "possibly do . . . to rebut a bald assertion?," stated he had "no means by which to object [to the restitution amount]," and asked the court to continue the matter because the admitted documents did not have any information to allow him to mount a defense and because he needed to "figure out what happened."

The court found that Molina-Lopez had had "almost 60 days" to engage in due diligence regarding the Board's documentation and restitution request. It denied Molina-Lopez's counsel's request for a continuance and ordered that Molina-Lopez pay $22,176 to the Board.

Molina-Lopez filed timely notice of appeal.

**DISCUSSION**

Molina-Lopez argues, among other things, that the trial court abused its discretion in denying his counsel's request for a continuance of the restitution hearing in order for him to conduct further investigation, in light of the extensive redactions in the documents included in Exhibit 1. We agree.

"In determining whether a denial [of a continuance] was so arbitrary as to deny due process, the appellate court looks to the circumstances of each case and to the reasons presented for the request." (*People v. Frye* (1998) 18 Cal.4th 894, 1012-1013, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked. (*People v. Beames* (2007) 40 Cal.4th 907, 920.)

4

At the restitution hearing, Molina-Lopez's counsel, in seeking a continuance, expressed his dismay at the almost complete opacity of the prosecution's heavily redacted evidence, asking the court what he could "possibly do . . . to rebut a bald assertion?" When counsel was asked if he wished to present witnesses or evidence, he replied he was left with "no means by which to object." The court found Molina-Lopez's counsel had the documents the People presented to the court for "almost 60 days" before the hearing and held that was sufficient time for him to do his due diligence.

The court did not explain, and we are not aware of, how under the circumstances, which include the significant disruptions caused by the COVID-19 pandemic then in full swing, counsel could have taken reasonable steps to ensure that he had completed his due diligence in the 60 days before the hearing. Therefore, we conclude the court abused its discretion in denying counsel's request for a continuance.

## DISPOSITION

The order appealed is vacated and this matter remanded to the trial court with instructions to grant Molina-Lopez a reasonable continuance and hold further restitution proceedings.

_____

STEWART, J.

We concur.

_____

RICHMAN, Acting P.J.

_____

MILLER, J.

_People v. Molina-Lopez_ (A161682)

6